Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000654
28-SEP-2018
08:02 AM

NO. CAAP-17-0000654

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SUSAN OWEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DCC-16-0016672)

SUMMARY DISPOSITION ORDER
(Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Susan Owen (**Owen**) appeals from the

Judgment and Notice of Entry of Judgment (**Judgment**) entered on

August 10, 2017, by the District Court of the First Circuit,

Kaneohe Division (**District Court**).[1]  After a bench trial, Owen

was convicted of Pet Animal or Equine Animal Desertion, in

violation of Hawaii Revised Statutes (**HRS**) § 711-1109.7 (Supp.

2017).[2]

---

[1]    The Honorable Michael Marr presided.

[2]    HRS § 711-1109.7 provides:

> **§ 711-1109.7  Pet animal or equine animal desertion.**
> (1)  It shall be unlawful for the owner or any person in
> possession of any pet animal or equine animal to desert the
> pet animal or equine animal.
>
> (2)  Any person who violates subsection (1) shall be
> guilty of a petty misdemeanor and subject to a fine not
> exceeding $1,000 in addition to any other penalties.

(continued...)

On appeal, Owen raises one point of error, contending that the evidence was insufficient to sustain Owen's conviction because Plaintiff-Appellee State of Hawai'i (the **State**) failed to elicit sufficient evidence to establish that Owen knowingly, intentionally, or recklessly deserted a pet animal.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Owen's contentions as follows:

Owen contends that the State failed to establish that she was the pet animal owner or in possession of pet animals and that she deserted pet animals. Owen submits that the uncontroverted evidence was that she was not the owner of the cats, but that she had temporary possession of the cats for two days. She argues that the cats were not her pets, or anyone else's pets, as she received the cats from a friend who obtained them after a feral cat gave birth. Owen further submits that it was never her intent to keep the cats as pets and when she did

_____

[2](...continued)
(3)   Any person who violates subsection (1) and recklessly causes the death of or substantial bodily injury to the pet animal or equine animal shall be guilty of a misdemeanor and subject to a fine not exceeding $2,000 in addition to any other penalties.

(4)   Each pet animal or equine animal that is deserted in violation of subsection (1) or suffers death or substantial bodily injury as a result of a violation of subsection (1) shall constitute a separate offense.

(5)   For the purposes of this section, "desert" means to leave without the intent to return.

not find them a home, she dropped them off at a park that she believed was a cat sanctuary.

In her Opening Brief, Owen further argued that although she was in the possession of animals, they were not pets, based on a (mistaken) assertion that the term pet was undefined and required proof that the animals were domesticated. However, after the State pointed to the definition of "[p]et animal" in HRS § 711-1100 (2014),[3] in her Reply Brief, Owen instead argued that the plain language of the statute results in an absurd or unjust result here because she only had the cats in her possession for two days and she never intended to keep them as her pets.

The appellate court reviews the sufficiency of evidence on appeal as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998) (citation omitted). "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (citation and internal quotation marks omitted).

---

[3]    HRS § 711-1100 is entitled "Definitions" and provides that "'Pet animal' means a dog, cat, domesticated rabbit, guinea pig, domesticated pig, or caged birds . . . so long as not bred for consumption." (Emphasis added).

Here, the State adduced testimony from Darcy Aila (Aila), a park attendant at He'eia State Park, who testified that he noticed a lady, later identified as Owen, with her car doors open and a cage in the back seat. Aila asked Owen, "What's going on" and she said that she dropped off two kittens at the park. Aila testified that he told Owen that she could not drop cats there, and pointed to the signs stating that "animal abandonment is a crime; you will be prosecuted" and requiring animals to be caged or leashed and not unattended. Aila asked Owen where the cats were and she pointed at two kittens eight to ten feet away. Aila told her to catch them and take them away, but she responded they were wild and untrainable. He told her to wait there, took down her license plate number, and reported to the park manager, who called the police. When Aila returned to the area where he had been speaking with Owen, she was gone, but the kittens were still there, lying in the grass.

Further testimony was adduced by the State as to the identification of the kittens, as well as further signage, and testimony from a "Catfriends" volunteer who stated, *inter alia*, that based on her lengthy experience with cats, the cats in question were not feral cats.

Owen testified, *inter alia*, that she had gone to the park on the day in question and left the two, three-month-old, kittens at the park because she believed it was a cat sanctuary. Owen testified that she could not keep the cats herself because she did not have a place for them, but admitted that she had not tried to place them with anyone else. Nevertheless, Owen denied

that she intended to abandon the cats and stated that she left the park without taking the kittens with her because she was frightened, it was dark, and she could not see them any longer.

We conclude that the evidence adduced at trial, and the reasonable inferences therefore, support the conclusion that Owen was guilty as charged. There was sufficient evidence that the two kittens were pet animals, within the meaning of HRS § 711-1100, that they were in Owen's possession, and that she knowingly, intentionally, or recklessly deserted them. We further conclude that Owen's argument that, in this case, the application of the plain language of HRS § 711-1109.7 results in an absurd or unjust result is without merit.

For these reasons, the District Court's August 10, 2017 Judgment is affirmed.

DATED: Honolulu, Hawai'i, September 28, 2018.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge